# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE REDMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 3611 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Andre Redmond's ("Redmond")
motions in limine. This matter is also before the court on Defendant City of
Chicago's ("City"), Defendant Daniel Goosherst's ("Goosherst"), Defendant Louis
Szubert's ("Szubert"), and Defendant Jeffrey Chevalier's ("Chevalier") motions in
limine. For the reasons stated below, we deny all of Redmond's motions in limine
and grant in part and deny in part Defendants' motions in limine.

## BACKGROUND

Redmond alleges in his second amended complaint that on May 8, 2004, he
was returning to his car and was approached by the individual Defendants, Officers
Goosherst, Szubert, and Chevalier (collectively referred to as "Defendant Officers").

1

According to Redmond, he asked if there was a problem, and the Defendant Officers told him to "shut up" and put his hands on his car. (SA Compl. Par. 12-13). The officers then allegedly removed Redmond's car keys from his pocket and searched his car. Redmond contends that the officers failed to find anything in the car that showed that Redmond violated any law. Redmond allegedly asked the officers if he could go and without provocation the officers slammed him against the car and told him, "[t]hat's it, your going to jail." (SA Compl. Par. 24). The officers allegedly arrested Redmond and refused Redmond's request to lock up his car before leaving the scene. The officers also allegedly left the windows of the car open and did not activate the car alarm. While the officers drove Redmond to the police station they allegedly told him that they hoped someone would steal his car and the officers used racial slurs when referring to Redmond. Redmond was allegedly charged with drinking on a public way. Redmond contends that he eventually learned that his car was stolen while he was at the police station. According to Redmond, his car was ultimately found in Indiana, but it had been damaged by the thief. Redmond further contends that he appeared in court for his criminal case, but none of the Defendant Officers appeared in court and the case was dismissed. Redmond includes in his second amended complaint a false arrest/false imprisonment claim brought pursuant to 42 U.S.C. § 1983 ("Section 1983")(Count I), a Section 1983 Fourth Amendment claim based upon an illegal search of Redmond's person (Count II), a Section 1983 Fourth Amendment claim based upon an illegal search of Redmond's car (Count III), a Section 1983 excessive force claim (Count IV), a Section 1983 due process claim

(Count V), a Section 1983 *Monell* claim (Count VI), and an indemnification claim (Count VII). A jury trial is set to begin in this case on March 3, 2008, and the parties have filed the instant motions in limine.

## DISCUSSION

I. Redmond's Motions in Limine

Redmond has filed six motions in limine. Redmond requests that the court bar evidence concerning his criminal history or the criminal history of witnesses presented at trial. (R Mot. In Lim. 1, 2). Redmond also requests that the court bar any reference to gang affiliation or gang tattoos. (R Mot. In Lim. 3). In addition, Redmond requests that the court bar any reference to topics that Redmond deems irrelevant and asks the court to bar evidence relating to a certain phone conversation. (R. Mot. In Lim. 5, 6).

A. Redmond's Criminal History (R Mot. In Lim. 1)

Redmond requests in his motion in limine number 1 that the court bar any evidence relating to Redmond's criminal history, including references to prior arrests and convictions. Redmond contends that such evidence is not admissible under Federal Rule of Evidence 404(b) ("Rule 404(b)") to show bad character and is not admissible under Federal Rule of Evidence 403 ("Rule 403") since it is unduly prejudicial. Redmond states that he has no prior criminal convictions. Defendants agree and contend that the issue concerning convictions is moot. (Ans. R Mot. In

Lim. 1: 1).  In regard to evidence concerning Redmond's prior arrests, Redmond asserts in his second amended complaint that he was harmed by the May 8, 2004, arrest.  He stated that as a result of the alleged conduct of the Defendant Officers, including the arrest he "has suffered and continues to suffer damages including loss of physical liberty, emotional distress, pain and suffering, mental anguish and humiliation, stress, anxiety, fright, mental trauma, [and] embarrassment. . . ."  (SA Compl. Par. 52).  Thus, evidence concerning his May 8, 2004, arrest that is the basis of this case is relevant.  Defendants argue that the fact that Redmond has been arrested both before and after May 8, 2004, is also relevant to determine how much distress he suffered on May 8, 2004.  We agree.  Evidence concerning Redmond's prior arrests is relevant because if Redmond had been arrested on prior occasions the trier of fact could conclude from such evidence that Redmond would not have been as emotionally traumatized by the May 8, 2004, arrest as he claims since he had already experienced the arrest process on prior occasions.  In regard to the arrests after May 8, 2004, such arrests are relevant since Redmond contends that he "continues to suffer" emotional distress.  (SA Compl. Par. 52).  Defendants are entitled to delve into evidence concerning the arrests that occurred after May 8, 2004, which will enable the trier of fact to assess what current and continuing emotional distress, if any, should be attributable to the May 8, 2004, arrest and what emotional distress, if any, should be attributed to arrests that occurred after May 8, 2004.  Thus, evidence of Redmond's arrests are relevant for purposes other than showing Redmond's bad character and the admission of such evidence does not violate Rule

4

404(b).  Defendants also properly point out that they may also bring out evidence concerning Redmond's arrests for purposes such as impeachment, depending on whether Redmond opens the door on certain issues.  We also conclude that, based upon Redmond's own damages allegations, the evidence concerning Redmond's arrests has a significant probative value that is not "substantially outweighed by the danger of unfair prejudice. . . ."  Fed. R. Evid. 403.

Therefore, we deny Redmond's motion in limine number 1.


   B.  Criminal History and Prior Conduct of Witnesses (R Mot. In Lim. 2)

   Redmond requests in his motion in limine number 2 that the court bar the introduction of evidence relating to the criminal history and bad acts of any witnesses at trial.  Redmond contends that Defendants have not disclosed any such evidence which would be allowed under Federal Rule of Evidence 609 ("Rule 609") and should be barred under Federal Rule of Civil Procedure 37(c) ("Rule 37(c)").  Redmond also argues that such evidence is inadmissible under Rule 403 and Rule 404(b).  However, Redmond fails to identify which witnesses he is concerned about and fails to identify with any specificity what evidence concerning the prior bad acts of witnesses is the subject of the motion.  Redmond's motion consists of nothing more than two sentences referring to Rule 609, Rule 37(c), and Rule 403.  (R Mot. In Lim. 1: 1).  Defendants correctly indicate that they cannot properly respond to such a vague motion.  (Ans. R Mot. In Lim. 2: 1).  Redmond must do more in a motion in limine than ask in general that Defendants comply with the Federal Rules of

Evidence and the Federal Rules of Civil Procedure.  Therefore, we deny Redmond's motion in limine number 2.


### C.  Gang Affiliation and Tattoos (R Mot. In Lim. 3)

Redmond requests in his motion in limine number 3 that the court bar any introduction of evidence about gang affiliation or tattoos.  Defendants indicate that this motion is moot since they are not going to present any such evidence at trial. (Ans. R Mot. In Lim. 3: 1).  Therefore, we deny Redmond's motion in limine number 3 as moot.


### D.  Undisclosed Witnesses (R Mot. In Lim. 4)

Redmond requests in his motion in limine number 4 that the court bar Defendants from presenting any witnesses that Defendants have not identified during discovery.  Redmond contends that Defendants have listed several witnesses on their witness list that were not properly identified during discovery.  Defendants indicate that they cannot respond to this motion since Redmond has failed to indicate which witnesses he is referring to in his motion.  (Ans. R Mot. In Lim. 4: 1).  We agree. Redmond merely refers vaguely to "several witnesses" that were "not properly identified" during discovery.  (R. Mot. In Lim. 4: 1).  Redmond does not provide the names of the witnesses or explain why Redmond believes that they were not properly disclosed.  Thus, Redmond has failed to carry his burden as a movant to show that he is entitled to the requested relief.  Therefore, we deny Redmond's motion in limine

number 4.

### E. Exclusion of Irrelevant Topics (R Mot. In Lim. 5)

Redmond requests in his motion in limine number 5 that the court bar any reference to certain topics that Redmond contends are irrelevant. Specifically, Redmond asks the court to bar any evidence relating to: (1) his firing at his job with A&R Security, (2) his tax returns, (3) parking tickets he received and tickets he received for having an expired license plate, and (4) his drinking habits.

#### 1. Firing From Security Job

Redmond asks the court to bar evidence indicating that he was fired from his job at A&R Security. Defendants indicate that they do not intend to introduce such evidence, (Ans. R Mot. In Lim. 5: 1), and therefore, we deny the request as moot. We note that Defendants do properly indicate that they could introduce evidence of the firing if Redmond makes the firing a relevant issue by arguing that he has suffered lost wages due to the results of the May 8, 2004, arrests, or if Redmond introduces evidence that he was a security guard to attempt to bolster his character. (Ans. R Mot. In Lim. 5: 1).

#### 2. Tax Returns

Redmond asks the court to bar evidence concerning his tax returns. Defendants indicate that they are not intending to present such evidence, (Ans. R

Mot. In Lim. 5: 1). Therefore, we deny the request as moot. Defendants do correctly indicate, however, that such evidence could become admissible if Redmond's defense places matters relating to such evidence at issue. (Ans. R Mot. In Lim. 5: 1).

3. Parking Tickets and Other Tickets

Redmond asks the court to bar any evidence relating to parking tickets that he received or tickets he received for having an expired license plate. Redmond argues that such evidence is not admissible due to Rule 404(b) and Rule 403. However, Redmond has not provided sufficient information in his motion to assess whether such evidence is inadmissible. Redmond provides only three cursory sentences on this issue and no details concerning the circumstances surrounding the tickets. Defendants correctly point out that such evidence could bear on the issue concerning Redmond's prior contact with the police. Thus, such evidence may be admissible to assist the trier of fact in determining the extent that Redmond suffered emotional distress, if any, from the May 8, 2004, arrest and continues to suffer such distress from that arrest. Thus, we deny the request to bar evidence concerning the tickets.

4. Drinking Habits

Redmond requests that the court bar evidence of his drinking habits. Redmond contends that such evidence is irrelevant. Defendants contend that the basis for the May 8, 2004, arrest was Redmond's consumption of alcohol and that such consumption "goes to the very heart of this case." (Ans. R. Mot. In Lim. 5: 2).

Redmond also acknowledges that he was charged on May 8, 2004, with drinking on a public way. (SA Compl. Par. 50). Redmond's request in his motion consists of only one cursory sentence and provides no details to support his position. If Defendants can tie Redmond's consumption of alcohol to the May 8, 2004, arrest, Defendants are entitled to present evidence concerning Redmond's drinking habits. Such evidence could be considered by the trier of fact in determining whether Redmond had been consuming alcohol prior to the May 8, 2004, arrest and, if so, what impact that consumption may have had on Redmond's conduct and recollections at the time in question. Defendants also point out that they can introduce evidence concerning Redmond's drinking habits if it is used to impeach any witness at trial. Therefore, based on the above, we deny Redmond's motion in limine number 5 in its entirety.

### F. Conversation with Witness (R Mot. In Lim. 6)

Redmond requests in his motion in limine number 6 that the court bar any evidence of a phone conversation ("Phone Conversation") that allegedly occurred on August 1, 2007, between Gail Reich, who is counsel for Defendants, and Tamario Redmond ("T. Redmond"). Redmond contends that the Phone Conversation came up during the deposition of T. Redmond and that the alleged conversation had not been properly disclosed in a timely fashion. Redmond contends that any evidence relating to the Phone Conversation should be excluded under Rule 37(c). Defendants indicate that they do not intend to introduce any such evidence other than possibly

for the purposes of impeachment. (Ans. R Mot. In Lim. 6: 2). Rule 37(c) provides that certain evidence shall be barred if disclosures are not made in accordance with Federal Rule of Civil Procedure 26(a) or (e). Fed. R. Civ. P. 37(c). However, Federal Rule of Civil Procedure 26(a) specifically indicates that the requirement relating to the identification of individuals with knowledge about the case and the subject of that knowledge, does not apply to evidence that will be used "solely for impeachment." Fed. R. Civ. P. 26(a). Thus, Defendants did not need to disclose evidence concerning the Phone Conversation in order to use the evidence for purposes of impeachment. In addition, Defendants did not violate Federal Rule of Civil Procedure 26(e), which relates to supplemental disclosures since the evidence did not need to be disclosed originally. Fed. R. Civ. P. 26(e). Therefore, we deny Redmond's motion in limine number 6. Based on the above, we deny all of Redmond's motions in limine.

## II. Defendants' Motions In Limine

Defendants have filed fifteen motions in limine.

### A. City Orders, Rules, and Regulations (D Mot. In Lim. 1)

Defendants request in their motion in limine number 1 that the court bar any reference to City general orders, rules, or regulations. Defendants argue that whether the Defendant Officers followed the City rules or regulations is not instructive in determining whether such officers violated Redmond's constitutional rights.

Redmond agrees that violations of the City rules and regulations are not conclusive evidence of a constitutional violation, but he argues that "such violations may be admissible for other purposes." (Ans. D Mot. In Lim. 1: 2). However, Redmond does not state what other purpose that he intends to introduce evidence of the rules and regulations. Therefore, we grant Defendants' motion in limine number 1.

## B. Indemnification (D Mot. In Lim. 2)

Defendants request in their motion in limine number 2 that the court bar Redmond from offering any testimony or evidence indicating that the individual Defendants may be indemnified against any judgment in this action. Redmond argues that Defendants could open the door by offering evidence that suggests that the Defendant Officers would be individually liable or impoverished if a judgment were entered against them. Defendants do not indicate that they intend to present evidence to show that the Defendant Officers face impoverishment. Defendants indicate that they may attempt to introduce some evidence of the Defendant Officers' net worth to address Redmond's request for punitive damages for which the Defendant Officers will not be indemnified. Therefore, we grant Defendants' motion in limine number 2. However, if Defendants open the door by attempting to convey to the trier of fact the Defendant Officers' potential impoverishment or if Defendants decide to introduce evidence of the Defendant Officers' financial resources for the punitive damages issue, Redmond may request that the court revisit the issue of the introduction of evidence of indemnification.

<u>C.  Reference to City or Employment of Defense Lawyers (D Mot. In Lim. 3)</u>

Defendants request in their motion in limine number 3 that the court bar any reference to the fact that Defendants' lawyers are employed by the City, and bar any reference to the fact that the City is a Defendant.  Redmond indicates that he does not intend to introduce such information.  (Ans. D Mot. In Lim. 3: 1).  Therefore, we deny Defendants' motion in limine number 3 as moot.

<u>D.  Code of Silence (D Mot. In Lim. 4)</u>

Defendants request in their motion in limine number 4 that the court bar any reference to general allegations of a "code of silence" among police officers.  (D Mot. In Lim. 4: 1).  Defendants contend that a discussion of such generalized topics would unfairly prejudice Defendants.  Redmond indicates that he intends to cross examine witnesses that are officers on the issue of bias and whether the witness is covering for a fellow officer.  Redmond contends that issues such as a "code of silence" may come up during such cross examination.  Redmond is entitled to ask questions pertaining to bias and can inquire as to whether there was an unwritten policy among officers to back each other up and cover each other.  However, any such line of questioning will be closely scrutinized by the court and may be limited if appropriate.  Also, any questioning concerning a possible "code of silence" cannot include overly broad questions about police officers in general.  Any questions should be narrowly tailored to address any "code of silence" present at the particular

witness' unit and during the pertinent time period.  Therefore, we deny Defendants'
motion in limine number 4.

### E.  Other Police Misconduct  (D Mot. In Lim. 5)

Defendants request in their motion in limine number 5 that the court bar any
reference to instances of police misconduct that are unrelated to this case and have
been publicized in the media.  Redmond speculates that there may be instances in
which such evidence might be admissible.  (Ans. D Mot. In Lim. 5: 2).  However,
Redmond fails to specify what instances he is referring to or any reason why he may
attempt to introduce such evidence.  We agree that such evidence would be irrelevant
and overly prejudicial and we grant Defendants' motion in limine number 5.

### F.  Exclusion of Non-Party Witnesses (D Mot. In Lim. 6)

Defendants request in their motion in limine number 6 that all non-party
witnesses are to be excluded from the courtroom during the testimony of other
witnesses.  Redmond does not oppose this motion.  (Ans. D Mot. In Lim. 6: 1).
Therefore, we deny Defendants' motion in limine number 6 as moot.  We also note
that this rule will apply to Defendants' witnesses as well as Redmond's witnesses.

### G.  Permanent Medical Injuries and Lost Wages (D Mot. In Lim. 7, 8)

Defendants request in their motions in limine numbers 7 and 8 that the court
bar any evidence indicating that Redmond has suffered a permanent medical injury

and will require future medical treatment as a result of the Defendants' alleged misconduct. Defendants also request that the court bar any evidence relating to lost wages resulting from the May 8, 2004, arrest. Redmond indicates that he does not intend to offer any evidence that touches on either issue. (Ans. D Mot. In Lim. 7: 1); (Ans. D Mot. In Lim. 8: 1). Therefore, we deny Defendants' motions in limine 7 and 8 as moot.

H. Underlying Case (D Mot. In Lim. 9)

Defendants request in their motion in limine number 9 that the court bar any reference to the underlying criminal case brought against Redmond, which was "disposed of via non-suit." (D Mot. In Lim. 9: 1). Defendants argue that the issues raised by Redmond's claims relate to alleged conduct that occurred before the criminal proceedings and the final disposition of the proceedings is irrelevant in this case. Defendants also assert that the mere fact that there was a criminal prosecution is irrelevant. Defendants also argue that evidence of the criminal prosecution would be unduly prejudicial in violation of Rule 403. Defendants also correctly point out that Redmond is not bringing a malicious prosecution claim, (D Mot. In Lim. 9: 1), which further negates the relevance of the criminal proceedings.

Redmond argues that the outcome of the criminal proceedings is relevant for damages. However, Redmond has failed to show that he would be entitled to damages for the criminal proceedings based upon the claims he is pursuing in this case. Redmond also argues that he should be allowed to mention the criminal

proceedings and refer to the disposition of such proceedings since such evidence at trial is necessary "to prevent speculation by the jury." (Ans. D Mot. In Lim. 9: 1). Redmond contends that otherwise the "jurors may presume that if [Redmond] was arrested for drinking on the public way and he was charged criminally, he should have been convicted." (Ans. D Mot. In Lim. 9: 1). We disagree that references to the criminal proceedings and their disposition would prevent any speculation by the jurors. If evidence concerning the disposition of the criminal proceedings were introduced at trial, that could in turn encourage other speculation by the jury. Evidence of the disposition of the criminal proceedings may cause the jury to speculate that the disposition without a conviction meant that Redmond's accusations against Defendants are correct and Defendants violated his constitutional rights. The issue in this case is whether Defendants violated Redmond's constitutional rights. Whether the case against Redmond was dismissed or non-suited or resulted in a conviction is not determinative on the issue of the violation of his constitutional rights. Redmond's contention that the jury may idly speculate that he was properly arrested since he was charged with a crime is without merit, since the very substance of Redmond's case that he is going to present to the jury is that he was unjustly arrested and charged. Therefore, we grant Defendants' motion in limine number 9.

I. Written Notice of Violation Ticket (D Mot. In Lim. 10)

Defendants request in their motion in limine number 10 that the court bar any evidence that suggests that the Defendant Officers could or should have chosen to

write a notice of violation ticket for Redmond's alleged crime instead of arresting

Redmond and filling out a long form complaint. Defendants argue that such

evidence is irrelevant in this case and, if relevant, is overly prejudicial. Defendants

argue that the Defendant Officers were entitled under the law to arrest Redmond

even for minor traffic offenses. However, even if Defendants' contention is correct,

that does not mean that Redmond is precluded from addressing the Defendant

Officers' options at the time of the May 8, 2004, arrest. At issue in this case are the

actions by the Defendant Officers at the May 8, 2004, arrest and whether the officers

took such actions for lawful reasons. Redmond is entitled to explore the actions of

the Defendant Officers at the time of the May 8, 2004, arrest. Redmond can inquire

as to the Defendant Officers' options and courses of action, including whether the

officers knew that they could have issued a notice of violation ticket to Redmond

instead of arresting him, and if so, why they did not do so. If such questioning

occurs during the cross-examination of the Defendant Officers, Defendants will have

an opportunity on re-direct examination to elicit testimony from the officers

explaining why they believed that the proper course of action was to arrest Redmond

as opposed to simply issuing him a ticket. We note, however, that Redmond will be

limited on cross examination to questioning the Defendant Officers concerning their

actual knowledge and Redmond cannot proceed on a line of questioning in the

abstract concerning the rules and procedures regarding the issuance of tickets. Nor

will Redmond be permitted to stray from the arrest at issue and question the

Defendant Officers concerning other occasions where they issued tickets to other

individuals. The issue before the jury will be the May 8, 2004, incident and the proper course of action in other instances under different sets of facts are not relevant in this case. Therefore, we grant in part and deny in part Defendants' motion in limine number 10.

### J. Testimony of Ida Redmond (D Mot. In Lim. 11)

Defendants request in their motion in limine number 11 that the court bar any testimony by Ida Redmond ("I. Redmond"), Redmond's mother. Defendants anticipate that I. Redmond may be called to testify at trial and that she may give testimony that is cumulative or contains hearsay. Defendants point out, for example, that I. Redmond was not present at the May 8, 2004, arrest and testimony about what she heard from other individuals about the arrest would be hearsay. Whether I. Redmond can offer any admissible testimony depends on the testimony Redmond elicits on direct. We cannot rule in advance without sufficient information that any testimony that I. Redmond could be called to provide would be inadmissible. Redmond indicates, for example, that I. Redmond could offer testimony, based on her first-hand knowledge concerning events that lead up to the arrest, such as whether she saw Redmond drinking alcohol. (Ans. D Mot. In Lim. 11: 1). Therefore, we deny the request to bar I. Redmond from providing any testimony at trial.

Defendants also request in the alternative that I. Redmond be precluded from discussing specific topics. Defendants contend that I. Redmond should not be

allowed to testify about the arrest since she was not present at the arrest. Defendants also argue that I. Redmond should not be allowed to testify about her belief that the police stole Redmond's car or that Redmond cannot find work because of the May 8, 2004, arrest since there is no evidence to support those theories. Defendants also request that I. Redmond be precluded from indicating that Redmond's young son has autism since it would be introduced to improperly raise sympathy for Redmond. Redmond has not provided justification for I. Redmond to discuss such topics and we agree that she should be precluded from discussing such topics at trial. Therefore, we grant in part and deny in part Defendants' motion in limine number 11.

### K.  Reading of Rights, Phone Call, and Huddling (D Mot. In Lim. 12)

Defendants request in their motion in limine number 12 that the court preclude Redmond from introducing evidence that indicates that the Defendant Officers did not read Redmond his *Miranda* rights or allow him to make a phone call when arrested. Defendants contend that such facts do not establish a constitutional violation in this case. Redmond agrees that such facts are not determinative, but argues that the fact that he was not read his rights or allowed to make a phone call should be admitted to indicate that the Defendant Officers had a malicious intent against him. (Ans. D Mot. In Lim. 12: 1). We disagree. Such evidence concerning the reading of rights and the phone call even if of limited relevance would be excluded under Rule 403 as being overly prejudicial. Defendants also request that since Redmond is not pursuing a conspiracy claim, Redmond should not be permitted

to elicit testimony that indicates that the Defendant Officers huddled together to indicate that the officers formed a conspiracy. While Redmond cannot argue during opening or closing arguments that there was an unlawful conspiracy between the Defendant Officers, Redmond is entitled to testify as to what he personally saw on May 8, 2004, during the arrest including whether he saw the Defendant Officers huddling together. Therefore, we grant in part and deny in part Defendants' motion in limine number 12.

L.  Evidence of Due Process or *Monell* Claim (D Mot. In Lim. 13)

Defendants request in their motion in limine number 13 that Redmond be precluded from introducing evidence or making arguments concerning his due process claim or his *Monell* claim. Defendants contend that they have received a letter from Redmond's counsel indicating that he is dropping those claims. (D Mot. In Lim. 13: 1). Redmond indicates that he does not intend to offer any evidence or arguments regarding such claims. (Ans. D Mot. In Lim. 13: 1). Therefore, we deny Defendants' motion in limine number 13 as moot.

M.  Damage to Car (D Mot. In Lim. 14)

Defendants request in their motion in limine number 14 that Redmond be precluded from introducing evidence concerning damage to his car that allegedly resulted when the Defendant Officers failed to properly secure his car at the time of the arrest. Defendants contend that any duty that obligated the Defendant Officers to

secure the car would arise under state law and Redmond has not pled any such causes of action. Redmond contends that since he is bringing a false arrest claim the damages to his car were the result of the unlawful arrest. We disagree. The mere fact that Redmond was arrested did not place his car in jeopardy. Redmond clearly contends in his own complaint that his car was stolen due to the alleged failure of the Defendant Officers to roll up the car windows and turn on the car alarm. Such inaction relates to duties that are entirely separate from those associated with the propriety of the arrest. Since Redmond has not pled causes of action relating to such duties, Redmond should not be permitted to seek relief for damages to his car. Therefore, we grant Defendants' motion in limine number 14.

### N.  Testimony of Darrin Johnson (D Mot. In Lim. 15)

Defendants request in their motion in limine number 15 that Redmond be precluded from presenting testimony at trial of Darrin Johnson ("Johnson"), the father of Redmond's sister. Defendants contend that Redmond has failed to provide them with updated contact information for Johnson and Redmond has not supplemented his discovery disclosures with such information. Defendants contend that during discovery they subpoenaed Johnson to testify at a deposition. Defendants contend that although Johnson cashed in the $54.55 check for his witness fee, they were unable to get Johnson to appear for his deposition. Defendants also contend that Redmond's counsel has not made sufficient efforts to assist Defendants in their attempts to contact Johnson. Redmond contends that there were legitimate reasons

why Johnson's deposition did not go forward on certain occasions and on one occasion Defendants failed to provide sufficient notice of the proposed deposition. However, the record indicates an unwillingness on the part of Johnson to present himself for a deposition and that despite Defendants' diligent efforts, Johnson successfully avoided giving a deposition. It would be unfair to allow Redmond to spring Johnson's testimony on Defendants at trial without allowing Defendants to depose Johnson. Therefore, we grant Defendants' motion in limine number 15.

## CONCLUSION

Based on the foregoing analysis we deny all of Redmond's motions in limine. We also grant Defendants' motions in limine numbers 1, 2, 5, 9, 14, and 15. We grant in part and deny in part Defendants' motion in limine numbers 10, 11, and 12. We deny as moot Defendants' motion in limine number 3, 6, 7, 8, and 13. Finally, we deny Defendants' motion in limine number 4.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 26, 2008